1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARC KEITH SCOTT,                         No. 2:13-CV-0299-CMK

12                  Plaintiff,

13          vs.                                 <u>MEMORANDUM OPINION AND ORDER</u>

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                    Defendant.
16
     _____/
17

18          Plaintiff, who is proceeding with retained counsel, brings this action under

19   42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

20   Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21   judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending

22   before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-

23   motion for summary judgment (Doc. 15).

24   / / /

25   / / /

26   / / /

1

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on February 8, 2010.  In the application, plaintiff claims that disability began on August 1, 2008.  Plaintiff claims that disability is caused by a combination of: bilateral epicondylitis; degenerative joint disease of the right shoulder; right knee degenerative joint disease with meniscus tear; chronic pain; and depression.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 21, 2011, before Administrative Law Judge ("ALJ") Mary M. French.   In a December 23, 2011, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1.   The claimant has the following severe impairment(s): bilateral epicondylitis, degenerative joint disease in the bilateral shoulders and elbows, tendinitis, arthritis in the bilateral elbows and right shoulder, and obesity;

2.   The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3.   The claimant has the following residual functional capacity: the claimant can perform light work with the following limitations: lift/carry 20 pounds frequently and 10 pounds occasionally; sit/stand/walk for 6 hours in an 8-hour day; occasional overhead reaching with the bilateral upper extremities;

4.   Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on December 17, 2012, this appeal followed.

# II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

(9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the case must be remanded because the record of the vocational expert's testimony is missing; and (2) because this evidence is absent, the agency has not met its burden of proving that plaintiff can perform work which exists in significant numbers in the national economy.

Regarding the vocational expert's testimony, the ALJ stated:

> . . .[T]he claimant's ability to perform all or substantially all of the requirements of. . .[the full range of light work]. . .has been impeded by additional limitations.  To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.  The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as cashier, mail clerk, and fast food worker.  Nationwide, there are 110,000 cashier positions, 10,000 mail clerk positions, and 35,000 fast food worker positions available

1   respectively (Hearing Testimony, 9/21/2011).

2   Pursuant to SSR 00-4p, the undersigned has determined that the vocational
    expert's testimony is consistent with the information in the Dictionary of
3   Occupational Titles.

4   Based on the testimony of the vocational expert, the undersigned
    concludes that, considering the claimant's age, education, work
5   experience, and residual functional capacity, the claimant is capable of
    making a successful adjustment to other work that exists in significant
6   numbers in the national economy. . . .

7   The hearing transcript begins on page 25 of the certified administrative record and continues

8   through 56 of the record and appears to be complete.  Examination of the vocational expert by

9   the ALJ begins on page 49 of the record and continues through the end of the transcript and also

10  appears to be complete.  Specifically, all of the vocational testimony summarized by the ALJ in

11  the hearing decision can be found in the certified administrative record in this case.

12  Because there is no missing testimony, plaintiff's second argument necessarily

13  fails.

14  **IV.  CONCLUSION**

15  Based on the foregoing, the court concludes that the Commissioner's final

16  decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY

17  ORDERED that:

18      1.      Plaintiff's motion for summary judgment (Doc. 14) is denied;

19      2.      Defendant's cross-motion for summary judgment (Doc. 15) is granted; and

20      3.      The Clerk of the Court is directed to enter judgment and close this file.

21

22  DATED:  September 29, 2014

23                                          _____
                                            **CRAIG M. KELLISON**
24                                          UNITED STATES MAGISTRATE JUDGE

25

26